# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE:                                          CASE NO. 3:09-BK-01460-PMG

    MICHAEL RICHARD BEAUDRY,        CHAPTER 13

        Debtor.
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

VYSTAR CREDIT UNION ("CREDITOR"), a secured Creditor, by and through its undersigned counsel, hereby moves this Court, pursuant to Section 362(d) of the Bankruptcy Code (the "Code"), and Bankruptcy Rules 4001 and 9014, for relief from the automatic stay, and in support thereof, states as follows:

1.     This contested matter relates to the above-referenced bankruptcy proceeding.

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334, as referred under 28 U.S.C. Section 157, and it constitutes a "core proceeding" within the meaning of the latter statute.

3.     CREDITOR is precluded by the force and effect of paragraph (4) and (5) of Section 362(a) of the Bankruptcy Code from enforcing CREDITOR's lien against property of the estate and property of the Debtor(s) (hereinafter referred to singularly as "Debtor").

4. The Debtor was at the time of the filing of the petition, and still is, justly and truly indebted to CREDITOR for the following sums:

**AUTO LOAN** - $18,364.89 for the auto loan, plus interest and $2,971.00 for forced placed insurance. A copy of the loan documents are attached hereto as "Exhibit A."

5. The above-referenced loan is secured by a lien in a 2003 H2 Hummer, VIN# 5GRGN23U03H140600 ("the collateral"). Creditor has a properly perfected lien in this automobile as shown by the Certificate of Title attached hereto as "Exhibit B."

6. The fair market value of the collateral is $20,775.00.

7. CREDITOR is and will continue to suffer irreparable harm from continuation of the 11 U.S.C. §362 automatic stay.

8. Meanwhile, Debtor continues to use and enjoy the collateral while the same continues to depreciate in value without adequate protection and compensation to CREDITOR.

9. The Credit Union is not adequately protected in that the Debtor has allowed insurance to lapse on the collateral in violation of the loan agreement and Creditor has been forced to place insurance on the collateral to protect its interests.

WHEREFORE, CREDITOR respectfully requests this Court for an Order granting the following relief:

A. Lifting the §362 stay and directing the Debtor to immediately surrender possession of the collateral to CREDITOR.

B. In the alternative, if the Court maintains the automatic stay, to afford Creditor adequate protection by issuance of an order compelling the Debtor to provide proof of insurance protecting Creditor's interest in the collateral as required by the loan agreement and naming Creditor as the loss payee on such policy.

/s/ James E. Sorenson
JAMES E. SORENSON (FL Bar #0086525),
D. TYLER VAN LEUVEN (FL Bar #0178705),
JARED S. GARDNER (FL Bar #0041042),
MARY LINZEE VAN LEUVEN (FL Bar #0029766),
ELBA N. SERRANO-TORRES (FL Bar #42228), of
Williams, Gautier, Gwynn, DeLoach & Sorenson, P.A.
Post Office Box 4128
Tallahassee, Florida 32315-4128
Telephone (850) 386-3300
Facsimile (850) 205-4755
*Attorneys for Creditor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to David J. Pinkston, Esquire, P.O. Box 4608, Jacksonville, FL 32201-4608, Attorney for Debtor, (usual place of business), Michael Richard Beaudry, 5933 Pickettville Rd., Jacksonville, FL 32254, Debtor, (usual place of abode), and Douglas W. Neway, P.O. Box 4308, Jacksonville, FL 32254, Trustee, (usual place of business), by electronic means or U.S. Mail on this 23rd day of November, 2009.

/s/ James E. Sorenson
Attorney